590 F.2d 1363
 7 O.S.H. Cas.(BNA) 1137, 1979 O.S.H.D. (CCH) P 23,377
POWER PLANT DIVISION, Brown & Root, Inc., Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and F. Ray
Marshall, Secretary of Labor, Respondent.
 No. 77-2967
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 9, 1979.
 Joe M. Stevens Jr., William L. Bedman, Houston, Tex., for petitioner.
 Carin A. Clauss, Solicitor of Labor, U. S. Dept. of Labor, Washington, D. C., Allen H. Feldman, U. S. Dept. of Labor, Thomas L. Holzman, Washington, D. C., for respondent.
 Petition for Review of an Order of the Occupational Safety and Health Review Commission.
 Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 In this appeal from an order of the Occupational Safety and Health Review Commission (Commission) finding the employer in violation of OSHA standard 29 C.F.R. § 1926.28(a), the question is again raised as to the evidence required to support such a finding. Section 1926.28(a) provides:
 
 
 2
 The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions or where this part indicates the need for using such equipment to reduce the hazards to the employees.
 
 
 3
 The employer was cited under § 1926.28(a) for failure to require its employees to tie off their safety belts while working on a roof 86 feet above the ground.
 
 
 4
 We decide in accordance with our recent decision in B & B Insulation, Inc. v. OSHRC, 583 F.2d 1364 (5th Cir. 1978), that the record lacks substantial evidence to show that a reasonably prudent employer in the roofing industry would have understood that a tie-off point for safety belts was imperative under the cited conditions.
 
 
 5
 Brown & Root, Inc. (B&R) is an employer in the roofing industry. On January 14, 1976, seven B&R employees were assembling a flat metal roof on a power plant 86 feet in the air. Each corrugated steel roofing section was 24 feet long and 14 inches wide and weighed 114 pounds. Sections were installed side-by-side across supporting beams by employees who carried each section to the edge of the completed portion and fitted it with its adjoining section. When one section could not be fitted due to a distortion in shape, an employee attempted to drag it to an open area of the completed portion where it could be pounded into shape. In doing so, he straddled the section, grasped one end of it, and moved backwards. The other end of the section worked its way over the edge of the roof and, acting as a lever, pitched him off the roof to his death. At the time of the accident, the employee was wearing a safety belt, but he was not tied off to a secure anchoring. The other five employees on the completed roof section were also not tied off. One other employee who was sitting on an exposed beam had his belt secured to the beam.
 
 
 6
 The ensuing OSHA inspection resulted in a citation for violation of 29 C.F.R. § 1926.28(a) and a $600 penalty. B&R was also cited for violation of 29 C.F.R. § 1926.105(a) for failing to provide safety nets when employees were more than 25 feet above ground. The administrative law judge vacated and dismissed this violation and further review was not sought.
 
 
 7
 The citation was contested by B&R, and, after a hearing, the administrative law judge affirmed the citation. His order became the Commission's final order when the Commission denied discretionary review. 29 U.S.C.A. § 661(i). This Court has jurisdiction under 29 U.S.C.A. § 660(a).
 
 
 8
 B&R's constitutional challenge to the vagueness of 29 C.F.R. § 1926.28(a) is disposed of by our decision in B & B Insulation wherein we clarified the standard's commands by applying the "reasonable man" test introduced by this Court in Ryder Truck Lines, Inc. v. Brennan, 497 F.2d 230 (5th Cir. 1974), and amplified by the First Circuit in Cape & Vineyard Div. v. OSHRC, 512 F.2d 1148 (1st Cir. 1975), to interpret another generally worded OSHA standard. We concluded that the employer can properly be deemed to have notice of his duties under § 1926.28(a) only when it is demonstrated that a reasonable employer in his industry would have recognized the same conditions as a hazard requiring the use of safety equipment, the absence of which constitutes the employer's violation. B & B Insulation, 583 F.2d at 1367.
 
 
 9
 To support a violation of 29 C.F.R. § 1926.28(a) under the circumstances of this case, the Secretary must show that a reasonable roofing-industry employer would have provided some anchoring point for employees to tie off safety belts to where B&R did not. See B & B Insulation, 583 F.2d at 1372.
 
 
 10
 The course of action of the "reasonable employer" in a particular industry is generally established by reference to the actual custom and practice in that industry. Cape & Vineyard, 512 F.2d at 1152. In B & B Insulation, for example, we concluded that a violation could not stand in the face of evidence that employers and employees in the insulation installation business would not have required the use of safety belts, for lack of which B&B was cited.
 
 
 11
 The record here provides few clues to the customary practice regarding safety belt tie-offs in the roofing industry. B&R employees on the roof at the time of the accident testified that they could think of no means of efficiently tying off on the roof, but no reference was made to the practice of others in the industry. The OSHA compliance officer and area director suggested several methods for erecting a tie-off system on the roof, but neither indicated that such a system had ever been implemented on a similar roofing job. The evidence adduced at the hearing, rather, was primarily directed to the issues of whether a fall hazard existed and whether it would have been feasible to erect some superstructure on the roof to which employees could tie off.
 
 
 12
 The administrative law judge appears to have based his violation finding on the existence of a fall hazard, as demonstrated by the fatal fall, coupled with the feasibility of preventing such falls. A preventable hazard, however, does not automatically support a violation under 29 C.F.R. § 1926.28(a). See B & B Insulation, 583 F.2d at 1372. But see Otis Elevator Co. v. OSHRC, 581 F.2d 1056 (2d Cir. 1978).
 
 
 13
 Without evidence that tie-off systems have ever been devised and implemented under similar circumstances by those in the roofing industry, the record fails to provide substantial evidence that the reasonable employer in B&R's situation would have taken the safety precaution which it did not. We are constrained to remand this case to the Commission for further fact-finding proceedings. See Brennan v. OSHRC, 494 F.2d 460 (8th Cir. 1974).
 
 
 14
 The order of the Commission is reversed and the matter is remanded for further proceedings consistent with this opinion.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I